JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Betania A. Toribio, Admin. of the Estate of John Joaquin Toribio, Deceased and Betania A. Toribio, Individually

**DEFENDANTS**
Pine Haven, LLC doing business as Pine Haven Campground and Pine Haven Camping Resort and Diversified Investments, Inc., a/k/a Diversified Investments, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Cape May County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Telephone Number, and Email Address)*
Thomas J. Vesper, Esquire        Reno John Ciccotta, Esquire
802 Black Horse Pk., Ste 500     385 Kings Hwy. N., Ste. 105
West Atlantic City, NJ 08401     Cherry Hill, NJ  08034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff
☐ 3   Federal Question *(U.S. Government Not a Party)*
☐ 2   U.S. Government Defendant
☒ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 370 Other Fraud | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | Product Liability | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☒ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage Product Liability | Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice | | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)
Brief description of cause:
Plaintiff's decedent suffered a fatal drowning incident on August 8, 2010

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*   JUDGE ___   DOCKET NUMBER ___

DATE   8-8-2012

SIGNATURE OF ATTORNEY OF RECORD   *[signatures]*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

**WESTMORELAND VESPER & QUATTRONE, P.A.**
A PROFESSIONAL CORPORATION
BY: THOMAS J. VESPER, ESQUIRE
BAYPORT ONE - SUITE 500
8025 BLACK HORSE PIKE
WEST ATLANTIC CITY, NJ  08401
(609) 645-1111

**MANIACI, CICCOTTA & SCHWEIZER, LLP**
BY: RENO JOHN CICCOTTA, ESQUIRE
385 KINGS HIGHWAY NORTH
SUITE 105
CHERRY HILL, NJ 08034
(856) 321-9331

ATTORNEYS FOR PLAINTIFF

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| BETANIA A. TORIBIO, ADMINISTRATRIX OF : THE ESTATE OF JOHN JOAQUIN TORIBIO, : DECEASED, and BETANIA A. TORIBIO, : INDIVIDUALLY : 308 Princeton Avenue : Philadelphia, PA 19111 : : | **WRONGFUL DEATH COMPLAINT IN CIVIL ACTION** |
| vs. : : | |
| PINE HAVEN, LLC, doing business as : PINE HAVEN CAMPGROUND and : PINE HAVEN CAMPING RESORT : 2339 Route 9 : Ocean View, NJ 08230 : and : DIVERSIFIED INVESTMENTS, INC., : a/k/a DIVERSIFIED INVESTMENTS, LLC, : a/k/a DIVERSIFIED INVESTMENT : SERVICES, LLC : 3005 Douglas Boulevard, #150 : Roseville, CA 95661 : | |

**PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF**

**JOHN JOAQUIN TORIBIO, DECEASED, AND BETANIA A. TORIBIO, INDIVIDUALLY,**

residing at 308 Princeton Avenue, Philadelphia, PA 19111, by way of a Complaint drafted and filed by her attorneys, **THOMAS J. VESPER, ESQUIRE** and **RENO JOHN CICCOTTA, ESQUIRE**, against the defendants, says:

## JURISDICTION, PARTIES AND VENUE

1. Pursuant to 28 U.S.C. §1332 (a) The U.S. District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States; [or] (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

2. Pursuant to 28 U.S.C. §1332 (c) For the purposes of this section [1332] and section 1441 of this title— (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—(A) every State and foreign state of which the insured is a citizen; (B) every State and foreign state by which the insurer has been incorporated; and (C) the State or foreign state where the insurer has its principal place of business.

3. Jurisdiction in this case is based on diversity of citizenship of citizens of different states, and the amount of the individual claim in controversy, without interest and costs, of **PLAINTIFFS, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN**

-2-

TORIBIO, DECEASED, AND BETANIA A. TORIBIO, for wrongful death and survivorship claims exceeds the sum or value of $75,000.00, as specified by 28 U.S.C. §1332 (a).

4. **PLAINTIFF, BETANIA A. TORIBIO,** acting in her capacity as **ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED, AND BETANIA A. TORIBIO, INDIVIDUALLY,** is a citizen of the Commonwealth of Pennsylvania, domiciled and residing at 308 Princeton Avenue, Philadelphia, PA 19111 at all times material hereto.

5. The minor decedent, **JOHN JOAQUIN TORIBIO,** was born on June 1, 1996 and died at fourteen years of age as a result of the subject drowning incident at the Pine Haven Campground on August 8, 2010.

6. Defendant, **PINE HAVEN, LLC,** is a limited liability company established under the laws of the State of California, with its principal place of business in the State of New Jersey, at 2339 Route 9, Ocean View, Cape May County, New Jersey.

7. Defendant, **PINE HAVEN, LLC,** does business as **PINE HAVEN CAMPGROUND AND PINE HAVEN CAMPING RESORT** and advertises on its own website as follows: "located a few short miles from the Atlantic Ocean, Pine Haven Campground is the premier New Jersey family vacation destination for campers in search of a wide variety of recreational activities. Situated among acres of pine and oak woods, we are small enough to be friendly, but big enough to provide all the amenities and activities your family could want. Pine Haven amenities include a large pool, mini-golf, WIFI, modern laundry facilities, LP Gas, basketball and volleyball. **Pine Haven has two beautiful fresh water lakes, one for swimming** (Emphasis added) and one for fishing."

8. Defendant, **DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC,** is a

-3-

corporation or a limited liability company established under the laws of the State of California, with its principal place of business in New Jersey, at 2339 Route 9, Ocean View, Cape May County, New Jersey.

## INTRODUCTION

1. The **DECEDENT, JOHN JOAQUIN TORIBIO**, a single teenage boy, was born on June 1, 1996, and was living at 308 Princeton Avenue, Philadelphia, PA 19111 on August 8, 2010. He was a minor at the time of the fatal drowning incident on Sunday, August 8, 2010.

2. **DEFENDANT, PINE HAVEN, LLC**, doing business as **PINE HAVEN CAMPGROUND AND PINE HAVEN CAMPING RESORT**, is a California limited liability company which owns and/or operates the **PINE HAVEN CAMPGROUND** in Ocean View, Cape May County, New Jersey.

3. **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, doing business as **PINE HAVEN CAMPGROUND AND PINE HAVEN CAMPING RESORT**, is a corporation or a limited liability company which owns and/or operates the **PINE HAVEN CAMPGROUND** in Ocean View, Cape May County, New Jersey.

4. On August 8, 2010, at approximately 8:15 a.m., the **minor decedent, JOHN JOAQUIN TORIBIO**, drowned in a man-made "swimming lake" at the **PINE HAVEN CAMPGROUND** in Ocean View, New Jersey.

5. The minor decedent and two minor friends had entered the man-made "swimming lake" that evening with unrestricted, unfettered access.

-4-

6. No fencing or other barriers were present at the man-made swimming lake to deny or restrict access by campers or guests like the minor decedent and his friends to the body of water.

7. No lifeguards or security personnel or representatives of campground management were present to observe and supervise the use of the man-made swimming lake by the minor decedent and his friends that evening.

8. Artificial lighting at the man-made "swimming lake" failed to adequately illuminate the body of water.

9. Soon after entering the lake at approximately 8:15 p.m. on August 8, 2010, the minor decedent started experiencing some difficulty in the water which his young companions attributed to "messing around."

10. When his two young companions did not see the minor decedent after some time had passed, they left the swimming lake to search for him and notify parents and other adults that he was missing.

11. Called to the scene by parents and other adults, Dennis Township Fire Department personnel thereafter recovered the minor decedent's body from the bottom of the swimming lake approximately 35 feet from the shore and in 15 feet of water.

12. **JOHN JOAQUIN TORIBIO** was pronounced dead at the scene on August 9, 2010 at 1:42 a.m.

### FIRST COUNT
### (NEGLIGENCE of DEFENDANT, PINE HAVEN, LLC)

1. At all times material to the within cause of action, **DEFENDANT, PINE HAVEN, LLC**, was the owner, operator or entity responsible for controlling and maintaining the condition of, and supervising the activities of persons lawfully present at the Pine Haven Campground located at 2339

-5-

Route 9, Ocean View, Cape May County, New Jersey, including the man-made bodies of water located within the facility and specifically, its man-made "swimming lake."

2. As the owners, entities or persons responsible for the operation, maintenance, supervision and control of the aforementioned premises, as well as the recreational and swimming activities engaged in by members or residents of the campground, **DEFENDANT, PINE HAVEN, LLC**, had a duty to exercise due care to provide a safe and properly supervised recreational facility, provide safe and proper supervision over persons lawfully using the recreational facility and to otherwise properly and safely operate, maintain and supervise the campground and its man-made bodies of water to prevent injuries to persons lawfully thereon.

3. On or about August 8, 2010, the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, was lawfully present on the campground premises as a guest of the **DEFENDANT, PINE HAVEN, LLC**, and was swimming in the man-made body of water identified as the "Pine Haven Swimming Lake" on defendant's website or "Pine Haven Lake" on the guide map for the Pine Haven campground attached hereto and marked as *Exhibit 1*, when he was caused to suffer fatal drowning injuries on said date. His body was recovered, and he was pronounced dead at 1:42 a.m. on August 9, 2010.

4. **DEFENDANT, PINE HAVEN, LLC**, knew or should have known that young children and underage patrons and guests of its campground would be attracted to the center of its man-made swimming lake where the **DEFENDANT, PINE HAVEN, LLC**, had installed and/or permitted to exist a platform and/or fountain with one or more statuettes of a dolphin or whale.

5. **DEFENDANT, PINE HAVEN, LLC**, negligently and carelessly breached its duty of care to its campground patrons and guests, regarding its man-made body of water identified as the

-6-

"Pine Haven Swimming Lake" on the defendant's website or "Pine Haven Lake" on the guide map for the Pine Haven Campground attached hereto and marked as ***Exhibit 1***, *inter alia*, and not limited to the following:

    a.    Failure to provide any security guards, roving patrols, or any other form of supervision of its man-made swimming lake;

    b.    Failure to provide fencing or barriers to close off its man-made swimming lake and deny access to campers and guests, particularly during the evening hours;

    c.    Failure to provide any or sufficient artificial lighting at or around its man-made swimming lake;

    d.    Failure to implement and enforce policies designed to prevent children from gaining access to the man-made swimming lake in the evening hours;

    e.    Failure to provide emergency notification systems, emergency devices and emergency personnel which would have been available to alert management and government authorities of the situation experienced by the minor decedent; and

    f.    Failure to install and maintain functioning surveillance cameras at the swimming lake.

6. The subject drowning, attendant painful injuries and death suffered by the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, were directly and proximately caused by defendants' failure to safely and properly maintain, control and supervise the conditions of the "Pine Haven Swimming Lake" or "Pine Haven Lake" at the Pine Haven Campgrounds, 2339 Route 9, Ocean

View, New Jersey, its failure to safely and properly maintain, control and supervise recreational activities conducted thereon, its failure to properly secure, seal-off, close and supervise the nighttime use of its Pine Haven swimming lake and/or its failure to swiftly and properly respond and/or to timely provide responsive emergency personnel to attend to the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, a swimmer who required rescue approximately 35 feet from the artificial shore line in the "swimming lake."

7.  On or about Friday, March 11, 2011, Letters of Administration were granted by the Register of Wills of Philadelphia County to **PLAINTIFF, BETANIA A. TORIBIO**, for the purpose of prosecuting a claim on behalf of the heirs-at-law and/or surviving next-of-kin of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, deceased against the defendants herein identified for the injuries and death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**.

8.  The **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, left surviving him as his "heirs-at-law and/or surviving next-of-kin," his mother, Betania A. "Betty" Toribio, his father, Juan G. Peralta, and three siblings:  Odalie Toribio (age 23), Betania A. Toribio (age 18), and Cristo Liz (age 11), all of whom have suffered pecuniary injuries as a direct and proximate result of the death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**.

9.  This action was commenced within two years of the death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, who died on August 8, 2010 (pronounced dead on August 9, 2010).

10.  As a direct and proximate result of the negligence and carelessness of defendant as aforesaid, the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, was caused to sustain and did sustain conscious pain and suffering, and drowning injuries which resulted in his death on August 8, 2010 (pronounced dead on August 9, 2010) and said defendant's negligence subjects it to liability.

-8-

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED,** demands judgment against the **DEFENDANT, PINE HAVEN, LLC,** for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

**SECOND COUNT**
**(NEGLIGENCE of DEFENDANT, DIVERSIFIED INVESTMENTS, INC.,**
**a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT**
**SERVICES, LLC)**

1. At all times material to the within cause of action, **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC,** was the owner, operator or entity responsible for controlling and maintaining the condition of, and supervising the activities of persons lawfully present at the Pine Haven Campground located at 2339 Route 9, Ocean View, Cape May County, New Jersey, including the man-made bodies of water located within the facility and specifically, its man-made "swimming lake."

2. As the owners, entities or persons responsible for the operation, maintenance, supervision and control of the aforementioned premises, as well as the recreational and swimming activities engaged in by members or residents of the campground, **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC,** had a duty to exercise due care to provide a safe and properly supervised recreational facility, provide safe and proper supervision over persons lawfully using the recreational facility and to otherwise properly and safely operate, maintain and supervise the campground and its man-made bodies of water to prevent injuries to persons lawfully thereon.

-9-

3. On or about August 8, 2010, the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, was lawfully present on the campground premises as a guest of the **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, and was swimming in the man-made body of water identified as the "Pine Haven Swimming Lake" on defendant's website or "Pine Haven Lake" on the guide map for the Pine Haven campground attached hereto and marked as *Exhibit 1*, when he was caused to suffer fatal drowning injuries on said date.  His body was recovered, and he was pronounced dead at 1:42 a.m. on August 9, 2010.

4.   **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, knew or should have known that young children and underage patrons and guests of its campground would be attracted to the center of its man-made swimming lake where the **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, had installed and/or permitted to exist a platform and/or fountain with one or more statuettes of a dolphin or whale.

5.   **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, negligently and carelessly breached its duty of care to its campground patrons and guests, regarding its man-made body of water identified as the "Pine Haven Swimming Lake" on the defendant's website or "Pine Haven Lake" on the guide map for the Pine Haven Campground attached hereto and marked as *Exhibit 1, inter alia*, and not limited to the following:

-10-

a.     Failure to provide any security guards, roving patrols, or any other form of supervision of its man-made swimming lake;

b.     Failure to provide fencing or barriers to close off its man-made swimming lake and deny access to campers and guests, particularly during the evening hours;

c.     Failure to provide any or sufficient artificial lighting at or around its man-made swimming lake;

d.     Failure to implement and enforce policies designed to prevent children from gaining access to the man-made swimming lake in the evening hours;

e.     Failure to provide emergency notification systems, emergency devices and emergency personnel which would have been available to alert management and government authorities of the situation experienced by the minor decedent; and

f.     Failure to install and maintain functioning surveillance cameras at the swimming lake.

6.  The subject drowning, attendant painful injuries and death suffered by the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, were directly and proximately caused by defendants' failure to safely and properly maintain, control and supervise the conditions of the "Pine Haven Swimming Lake" or "Pine Haven Lake" at the Pine Haven Campgrounds, 2339 Route 9, Ocean View, New Jersey, its failure to safely and properly maintain, control and supervise recreational activities conducted thereon, their failure to properly secure, seal-off, close and supervise the nighttime use of its Pine Haven swimming lake and/or its failure to swiftly and properly respond

and/or to timely provide responsive emergency personnel to attend to the decedent, John Joaquin Toribio, a swimmer who required rescue approximately 35 feet from the artificial shore line in the "swimming lake."

7. On or about Friday, March 11, 2011, Letters of Administration were granted by the Register of Wills of Philadelphia County to **PLAINTIFF, BETANIA A. TORIBIO**, for the purpose of prosecuting a claim on behalf of the heirs-at-law and/or surviving next-of-kin of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, deceased against the defendants herein identified for the injuries and death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**.

8. The **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, left surviving him as his "heirs-at-law and/or surviving next-of-kin," his mother, Betania A. "Betty" Toribio, his father, Juan G. Peralta, and three siblings: Odalie Toribio (age 23), Betania A. Toribio (age 18), and Cristo Liz (age 11), all of whom have suffered pecuniary injuries as a direct and proximate result of the death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**.

9. This action was commenced within two years of the death of the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, who died on August 8, 2010 (pronounced dead on August 9, 2010).

10. As a direct and proximate result of the negligence and carelessness of defendant as aforesaid, the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, was caused to sustain and did sustain conscious pain and suffering, and drowning injuries which resulted in his death on August 8, 2010 (pronounced dead on August 9, 2010) and said defendant's negligence subjects it to liability.

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED**, demands judgment against the **DEFENDANT, DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED**

-12-

**INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

**THIRD COUNT**
**(DANGEROUS ARTIFICIAL CONDITION OF PROPERTY)**

1. **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED AND INDIVIDUALLY**, repeats each and every allegation of the First and Second Counts of the Complaint, as if the same were set forth herein at length.

2. An "artificial condition of property' is one that is not natural, but rather is man-made.

3. At all times material to the within cause of action, the man-made body of water identified as "Pine Haven Lake" on the guide map attached as *Exhibit 1* hereto, where the subject drowning of August 8, 2010 took place was in a dangerous/hazardous condition and/or constituted a dangerous/hazardous artificial condition of the aforementioned property as described above.

4. The dangerous/hazardous condition of said premises as described above created a reasonably foreseeable risk of the kind of injuries suffered by **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**. Defendants, operating and controlling said premises, had actual or constructive notice of the dangerous/hazardous condition of said properties for a sufficient time prior to the injuries suffered by the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**. Said defendants could have taken measures to protect against aforesaid the dangerous/hazardous condition of said property contributing to the subject drowning of **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**. The actions taken by said defendants to protect against the dangerous/hazardous condition or the failure to so act, were palpably unreasonable under the circumstances.

-13-

5. As a direct and proximate result of the actions or inactions of the defendants, as aforesaid, the **MINOR DECEDENT, JOHN JOAQUIN TORIBIO**, suffered the subject drowning and attendant fatal injuries, and, accordingly, said defendants are liable to the plaintiff.

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED**, demands judgment against the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

## FOURTH COUNT
## (NEGLIGENT CREATION OF "ATTRACTIVE NUISANCE")

1. **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED AND INDIVIDUALLY**, repeats each and every allegation of the First through Third Counts of the Complaint, as if the same were set forth herein at length.

2. Plaintiff's attorneys hereby allege that if the court and/or jury decides the **PLAINTIFF'S DECEDENT JOHN JOAQUIN TORIBIO** was a trespasser at any time prior to or during his drowning, that the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, created an "attractive nuisance."

3. Although a possessor of land, such as **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, generally is not required to keep their land

safe for trespassers, an exception exists for those trespassers who are children, because children may lack sufficient discretion for their own safety.

4. Therefore, because children, such as Plaintiff's minor decedent, may lack sufficient discretion for their own safety, a possessor of property, who maintains an artificial condition upon its property, will be liable for physical harm to a child trespassing on its property caused by the artificial condition if:

(a) the possessor of the property knows or has reason to know children are likely to trespass in the place where the condition exists, and

(b) the possessor of the property knows or has reason to know and realizes or should realize that the condition involves an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth either

(1) do not discover the condition, or

(2) do not realize the risk involved by trespassing in that area of the property made dangerous by the condition, or

(3) do not realize the risk involved in intermeddling with the condition, and

(d) utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to the children involved, and

(e) the possessor of the property fails to exercise reasonable care to eliminate the danger or otherwise protect the children.

-15-

5. At all times relevant, **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, knew or had reason to know that children in a similar situation as Plaintiff's decedent were likely to trespass into defendants' "swimming lake" after hours and at night.

6. At all times relevant, **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, knew or had reason to know and realized or should have realized that the Pine Haven swimming lake involved an unreasonable risk of death or serious bodily harm to such children.

7. At all times relevant, Plaintiff's decedent, because of his youth, either

   (1)   did not discover or appreciate the subject dangerous condition, or

   (2)   did not fully realize the risk involved by trespassing in that area of the defendants' property made dangerous by the subject dangerous condition.

8. At all times relevant, the utility to the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, the possessors of maintaining the dangerous condition at Pine Haven swimming lake and the burden of eliminating the subject danger were slight as compared with the risk to the children, such as plaintiff's decedent.

9. At all relevant times, the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, the possessors of the Pine Haven swimming lake, failed to

exercise reasonable care to eliminate the danger or otherwise protect their campground patrons and their children, such as Plaintiff's decedent.

10. As a direct and proximate result of the actions or inactions of the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, as aforesaid, the **DECEDENT, JOHN JOAQUIN TORIBIO**, suffered the subject drowning and attendant fatal injuries, and, accordingly, said defendants are liable to the Plaintiff in this action.

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED**, demands judgment against the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

### FIFTH COUNT
### (SURVIVORSHIP CLAIM & LOSS OF UNCONSCIOUS ENJOYMENTS OF LIFE)

1. **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED AND INDIVIDUALLY**, repeats each and every allegation of the First through Fourth Counts of the Complaint, as if the same were set forth herein at length.

2. As a direct and proximate result of the negligence of the defendants as aforesaid, the character and quality of the life of **DECEDENT, JOHN JOAQUIN TORIBIO**, was and continued to be diminished from the time of the subject drowning to the time of his death on August 8, 2010.

-17-

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED**, demands judgment against the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

**SIXTH COUNT**
**(WRONGFUL DEATH ACT CLAIM FOR GREEN v. BITNER ECONOMIC LOSSES)**

1. **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED AND INDIVIDUALLY**, repeats and re-alleges each and every allegation of the First through Fifth Counts of the Complaint, as if the same were set forth herein at length.

2. As a direct and proximate result of the negligence of the defendants as aforesaid, the heirs-at-law and surviving next-of-kin of **DECEDENT, JOHN JOAQUIN TORIBIO, DECEASED**, have suffered the loss of the economic value of said decedent's services, society, companionship, advice and guidance.

3. As a direct and proximate result of the negligence of the defendants as aforesaid, the heirs-at-law and surviving next-of-kin of **DECEDENT, JOHN JOAQUIN TORIBIO, DECEASED**, were deprived of the reasonable expectation of the pecuniary advantages which would have resulted from the continuance of the life of the **DECEDENT, JOHN JOAQUIN TORIBIO, DECEASED**, and otherwise suffered pecuniary and financial losses for which they are entitled to recovery.

-18-

WHEREFORE, **PLAINTIFF, BETANIA A. TORIBIO, ADMINISTRATRIX OF THE ESTATE OF JOHN JOAQUIN TORIBIO, DECEASED**, demands judgment against the **DEFENDANTS, PINE HAVEN, LLC and DIVERSIFIED INVESTMENTS, INC., a/k/a DIVERSIFIED INVESTMENTS, LLC, a/k/a DIVERSIFIED INVESTMENT SERVICES, LLC**, for compensatory damages together with interest, costs of suit and such other further relief as the court deems just and proper.

WESTMORELAND, VESPER & QUATTRONE, P.A.

BY: _Thos J. Ves_____
   THOMAS J. VESPER, ESQUIRE
   Attorney for Plaintiff, Betania A. Toribio,
   Administratrix of the Estate of
   John Joaquin Toribio, deceased, and
   Betania A. Toribio, Individually

MANIACI, CICCOTTA & SCHWEIZER, LLP

BY: _____
   RENO JOHN CICCOTTA, ESQUIRE
   Attorney for Plaintiff, Betania A. Toribio,
   Administratrix of the Estate of
   John Joaquin Toribio, deceased, and
   Betania A. Toribio, Individually

# *EXHIBIT 1*

